UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PERCY LEVY; ROBERT O. BAGGETT; EUGENE SMITH,<br><br>Defendants. | CASE NO. 2:25-cr-00053-JHC<br><br>ORDER CONTINUING TRIAL |

    Before the Court are Defendant Baggett's and Defendant Levy's motions to continue the trial date. Dkt. ## 49 and 51. The Government does not oppose the motions, *id.*, but Defendant Smith objects, Dkt. # 52. Upon reviewing the motions, the objection, the rest of the file, and the governing law, the Court finds as follows:

    1.    Taking into account the exercise of due diligence, the failure to grant a continuance would deny counsel for the moving Defendants the reasonable time necessary for effective preparation due to counsel's need for more time to review the evidence, consider possible defenses, and gather evidence material to the defense. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

ORDER CONTINUING TRIAL - 1

2.      The failure to grant such a continuance would likely result in a miscarriage of justice.  *See* 8 U.S.C. § 3161(h)(7)(B)(i).

3.      The additional time requested is a reasonable period of delay for the moving Defendants to prepare for trial, investigate the matter, gather evidence material to the defense, and consider possible defenses.

4.      The ends of justice will best be served by a continuance, and the ends of justice outweigh the best interests of the public and the defendants in any speedier trial.  *See* 18 U.S.C. § 3161(h)(7)(A).

5.      The period of delay from the date of this order to the new trial date is excludable time under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv).

6.      Defendant Smith's objection to the continuance is overruled.  Defendants in this case are alleged to have conspired together.  Dkt. ## 1 at 1-2; 13 at 1-2.  All of the charges arise out of a common investigation.  It is well established that in multidefendant cases, a reasonable trial continuance as to any defendant tolls the Speedy Trial Act period as to all joined co-defendants, even those who object to a trial continuance or who refuse to submit a waiver under the Speedy Trial Act.  *See United States v. Messer*, 197 F.3d 330, 336 (9th Cir. 1999) ("It is well established that an exclusion from the Speedy Trial clock for one defendant applies to all codefendants."); *see also United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993); 18 U.S.C. § 3161(h)(6).

The Court thus ORDERS that the trial date is continued to October 14, 2025, and that pretrial motions shall be filed no later than September 2, 2025.

//

//

ORDER CONTINUING TRIAL - 2

Dated this 13th day of May, 2025.

*John H. Chun*

The Honorable John H. Chun
United States District Judge